26 F.3d 139
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Flora L. LE MONTE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3064.
 United States Court of Appeals, Federal Circuit.
 April 29, 1994.
 
 Before ARCHER, Chief Judge, MICHEL, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Flora L. LeMonte, appeals the decision of the Merit Systems Protection Board (MSPB), Docket No. AT0831930716-I-1, affirming the decision of the Office of Personnel Management (OPM), which denied her application for a survivor annuity. Because petitioner filed her application with OPM after the statutory deadline, we affirm.
 
 DISCUSSION
 
 2
 On March 17, 1993, petitioner applied for a former spouse's survivor annuity under section 4(b) of the Civil Service Retirement Spouse Equity Act of 1984 (Spouse Equity Act), Pub.L. No. 98-615, 98 Stat. 3195, as amended, based on the federal service of her former husband, Arver D. Hoover. Under section 4(b), a former spouse of a civil service annuitant is entitled to receive a survivor annuity, provided the applicant satisfies the statutory criteria. The criterion that controls this case is section 4(b)(1)(B)(iv), which states that entitlement to the annuity is limited to cases in which the former spouse filed an application for the survivor annuity with the OPM on or before May 7, 1989.
 
 
 3
 In its reconsideration decision dated June 29, 1993, the OPM denied petitioner's application on the ground that she failed to comply with the foregoing statutory requirement. Petitioner appealed the denial to the MSPB. In a decision of October 27, 1993, which became final when time to appeal to the full Board expired on December 1, 1993, the Administrative Judge (AJ) affirmed the OPM's denial of a survivor annuity because petitioner failed to comply with the statutory deadline.
 
 
 4
 Petitioner asserts no errors of law. Her sole basis for appeal is that she was not notified as to the May 7, 1989, deadline for filing her application under the Spouse Equity Act.
 
 
 5
 In Iacono v. Office of Personnel Management, 974 F.2d 1326 (Fed.Cir.1992), this court was confronted with a factual situation very similar to the present case. In Iacono, the former spouse failed to meet the statutory deadline but argued that the time requirement should be waived because she was unaware of it and was mentally disabled during the entire time she could have filed her application. In her appeal to this court, we held that the filing deadline in the Spouse Equity Act is not a statute of limitations that can be tolled on equitable grounds. Instead, we decided that compliance with the statutory time limit is a condition that must be met to establish eligibility for the annuity.
 
 
 6
 Accordingly, adherence to our decision in Iacono requires us to affirm the decision of the MSPB.